# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Gordon Clark, and the<br>Estate of Lillian J. Clark, | ) ) ) | Civil Case No. 3:22cv395 VN |
| Plaintiffs, | ) ) | January 10, 2022 |
| vs. | ) ) ) | |
| Santander Bank, N.A.,<br>Timothy Wennes,<br>Pierre Habis,<br>Kenneth O'Neill,<br>Wells Fargo & Company,<br>Scott Powell,<br>Bendett & McHugh, P.C.,<br>Adam L. Bendett,<br>Jeffrey M. Knickerbocker,<br>Mark A. Piech,<br>Joseph Abraham,<br>Dominick D. Neveux, and<br>John/Jane Doe | ) ) ) ) ) ) ) ) ) ) ) ) ) | JAN 10 2022 PM8:19<br>FILED-USDC-CT-HARTFORD |
| Defendants. | ) | |

# COMPLAINT

## PARTIES

1. Plaintiff Gordon Clark is a citizen of Connecticut who resides at: 70 Elm Street, Enfield, CT 06082.

2. Plaintiff *Estate of Lillian J. Clark* is a legal entity of Connecticut that resides at 70 Elm Street, Enfield, CT 06082, which Gordon Clark, Lillian Clark's husband of 27 years, was appointed the executor of the *Estate of Lillian J. Clark* on August 6, 2021, by the *Court of Probate, North Central Connecticut, PD11* (**Please see attached: Exhibit A** – Gordon Clark's *Court Sealed Fiduciary's Probate Certificate*).

3. Defendant *Santander Bank, N.A.* is a legal corporate entity headquartered in Massachusetts whose address is: 75 State Street, Boston, MA 02109.

4. Defendant Timothy Wennes is the CEO of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

1

5.  Defendant Pierre Habis is the SEVP, *Head of Consumer & Business Banking* of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

6.  Defendant Kenneth O'Neill is the SVP, *Head of the Customer Service Center Operations* of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

7.  Defendant *Wells Fargo & Company* is a legal corporate entity headquartered in California whose address is: 420 Montgomery Street, San Francisco, CA 94104.

8.  Defendant Scott Powell is the COO of *Wells Fargo & Company* and *former* CEO of *Santander Bank, N.A.* who is believed to be a citizen of California whose address is: 420 Montgomery Street, San Francisco, CA 94104.

9.  Defendant *Bendett & McHugh, P.C.* is a legal corporate entity headquartered in Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

10. Defendant Adam L. Bendett is the founder of *Bendett & McHugh, P.C.* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

11. Defendant Jeffrey M. Knickerbocker is an attorney of *Bendett & McHugh, P.C.* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

12. Defendant Mark A. Piech is an attorney of *Bendett & McHugh, P.C.* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

13. Defendant Joseph Abraham is an attorney of *Bendett & McHugh, P.C.* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

14. Defendant Dominick D. Neveux is an attorney of *Bendett & McHugh, P.C.* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

15. Defendant John/Jane Doe is an unknown employee of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

## JURISDICTION

The jurisdiction of this court is invoked pursuant to: **28 U.S. Code § 1332 – *Diversity of Citizenship; amount in controversy; costs***

## NATURE OF THE CASE

Defendant *Santander Bank, N.A.*, and *all other liable parties* and named Defendants have been attempting to *fraudulently, baselessly, and meritlessly* repossess Plaintiff Gordon Clark's (Mr. Clark's) *beloved* wife's (Lillian Clark's/Mrs. Clark's) home of 65 years, through *quasi-legal shenanigans, skullduggery, and attempted extortion* to name just a few of the Defendants' *violations of law*, **during and after** a *long, daily, and courageous 11-year battle* with Parkinson's disease, which Mrs. Clark *tragically and heart-wrenchingly* succumb to at the age of 92; and said Defendants continue to attempt to *unjustly, and unlawfully* steal Mrs. Clark *humble home* that her *beloved* father (Papa) help her build in 1955, when Plaintiffs had *never* missed a payment, and were *current* on their property taxes at the time.

Defendant *Santander Bank, N.A.* and their named Defendant *accomplices* are speaking and acting as a *gang of thugs* in suits and ties, and *not* as a *reputable banking institution* nor a reputable law firm; and therefore, this Complaint's purpose is to *finally* put an end to said Defendants' *immoral, unethical, and illegal* behavior, and to ensure that all named Defendants are held *fully and legally accountable* for their *reprehensible* behavior towards Mr. Clark's *precious* wife of 27 years and himself; and to *hopefully* keep this *immoral, unethical, and illegal* behavior from *ever* happening to anyone else in Connecticut and anywhere else that *Santander Bank, N.A.* operates.

## CAUSE OF ACTION

Plaintiffs allege that the following of our constitutional rights, privileges, or immunities or our rights under a federal statute have been violated and that the following facts form the basis of our allegations.

## BACKGROUND

1. Plaintiff Gordon Clark (Mr. Clark) and Lillian Clark (Mrs. Clark) were married for 27 years (married on February 14, 1993), and together for *nearly* 30 years, before Mrs. Clark's *tragic and heart-wrenching* passing on October 18, 2020, after a *long, daily, and courageous* 11-year battle with Parkinson's disease, in her *beloved and humble* home of 65 years in Enfield, at the age of 92.

2. On or around, November 2009, Mr. Clark's *beloved* wife, Mrs. Clark, was diagnosed with Parkinson's disease.

3. During the last years 5 years of Mrs. Clark's *precious* life, she requires nearly 24-hour care.

4. Plaintiff Gordon Clark became his *beloved* wife's, Mrs. Clark's, full-time caregiver, in an effort to keep her out of a permanent nursing home, and in her *beloved and humble* home of 65 years, that her *beloved* father (Papa) helped her build in the hope of prolonging her life as long as possible, and keeping her from *dying alone*, without Mr.

Clark by her side, in a nursing home due to COVID-19 restrictions, *all **only** by His Grace*.

5. Plaintiff Gordon Clark is also his wife's, Mrs. Clark's, executor of her estate, and was appointed the executor of the *Estate of Lillian J. Clark* on August 6, 2021, by the *Court of Probate, North Central Connecticut, PD11* (**Please see attached: Exhibit A** – Gordon Clark's *Court Sealed Fiduciary's Probate Certificate*).

6. Plaintiff Gordon Clark was raised in West Hartford, Connecticut, is a *U.S. Navy veteran*, and once managed over $200 million (over $500 million today) in commercial real estate for *Barclays Bank*. Moreover, Mr. Clark earned an economics degree *with honors* from *Trinity College* in Hartford, where he was *asked* to be the teaching assistant for the *Finance* class, as well as *asked* to be the teaching assistant for the *Money & Banking* class. Mr. Clark also completed his *Senior Thesis*, which was about 200 pages in length on *Property Rights*. Furthermore, Mr. Clark earned an MBA from the most competitive business school in the country *at the time*. Additionally, Mr. Clark was a *carpenter* in his youth.

7. *Santander Bank, N.A.*, is a subsidiary of Spain-headquartered parent company, *Banco Santander*, that operates branch locations in nine (9) U.S. states on the east coast, and is headquartered in Boston, Massachusetts.

8. *Santander Bank, N.A.* has never recovered from the *financial and real estate crisis* of 2008, and it appears to be on the verge of bank insolvency. Case in point, *Santander Bank, N.A.'s* stock (SAN) trades in **half-cent** increments. *Santander Bank, N.A.'s* stock (SAN) trades *like* a *penny stock* and/or a *pink sheet stock*, due to **over a decade of mismanagement** from at least the time of the *2008 Financial Crisis*. The stock closed on January 7, 2022, at **$3.58**, and may be looking to test its *34-year low* of around **$1.85** per share or *possibly* even lower, that is, *if and when* there is another financial crisis.

9. *Santander Bank, N.A.* (SAN) stock is trading at a *near 34-year low*, while the *overall stock market* and other bank stocks like *JPMorgan Chase* are near *all-time highs*, and are expanding their number of bank locations, despite the growth of online banking, while *Santander Bank, N.A.* continues to close down *more and more* of their bank branches.

10. The *investment institutions*, along with *Santander Bank, N.A.'s* own customers are not willing to invest in *Santander Bank, N.A.'s* failing and unprofitable business model and *extremely* poor *so-called* customer service.

    • Percentage of *Santander Bank, N.A.* (SAN) stock held by institutions is **1.94%**.
    • Percentage of *Wells Fargo* (WFC) stock held by institutions is **73.49%**.
    • Percentage of *JPMorgan Chase* (JPM) stock held by institutions is **71.82%**.

11. *Wells Fargo & Company* (WFC) who has had *major regulatory fines* of approximately $5 billion over the past 5 years, and *publicly admitting* more are on the horizon, and with rising legal costs of around $3 billion is still less than 10% from their *all-time high stock price*, yet *Santander Bank, N.A.'s* stock continues to hover near its 34-year low.

12. On May 20, 2020, it was reported by *The Wall Street Journal* that *Santander Consumer USA Holdings, Inc's*, which is **also** a subsidiary of Spain-headquartered parent company, *Banco Santander*, had reached a $550 million settlement with nearly three dozen U.S. states attorney generals to settle charges of *predatory auto lending* to low-income and subprime borrowers.

13. On December 10, 2021, it was reported by *Reuters* that *Santander Bank, N.A.'s*, Spain-headquartered parent company, *Banco Santander*, was *court ordered* to pay $76 million to settle an employment contract dispute.

14. On December 31, 2021, it was reported by *Fortune* that *Santander Bank, N.A.'s*, Spain-headquartered parent company, *Banco Santander*, mistakenly sent out from its *own reserve account* $175 million in erroneous payments to thousands of individuals and businesses, most of which they will *likely* not be able to reacquire.

15. *Santander Bank, N.A.* has *repeatedly* shown Plaintiffs over *at least* the past nine (9) years its *incomprehensible, unconscionable, and ongoing incompetence and indifference* towards them, and that *Santander Bank, N.A.* has proven by their words and *ongoing reprehensible actions* that it is not interested in serving their *so-called customers* any longer and appear to be more interested in how they can *illegally* acquire cash to *prop up* their failing bank from falling into bankruptcy, such as, by attempting to *illegally* acquire the home equity of an elderly women, living in a *working-class and blue-collar* town, who is battling Parkinson's disease, and who had *never* missed a payment and was *current* on her property taxes at the time.

## COUNT ONE (1)
## ATTEMPTED EXTORTION
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Lillian J. Clark had *never* missed a payment on *Santander Bank, N.A.'s alleged* HELOC from on or around April 10, 2008, to May 10, 2019.

2. Shortly after May 1, 2019, the Plaintiffs received an *erroneous* letter dated May 1, 2019, from *Santander Bank, N.A.'s* address to **Lillian Byron**, Mr. Clark's *beloved* wife's *previous* married name, which she had **not used** in over 25 years, and was **legally changed** to Lillian Clark, shortly after our wedding day on February 14, 1993.

3. When the Plaintiffs received said erroneous letter, the Plaintiffs were presently *current* on their property taxes.

4. Said erroneous letter, demanded $37,575.86 to be paid *no later than* May 20, 2019 (in less than 20 days), or *Santander Bank, N.A.* would initiate a foreclosure lawsuit on Mrs. Clark's *beloved and humble* home of 65 years.

5. Needless to say, Plaintiffs were shocked and dismayed by such an erroneous letter. And Mr. Clark, immediately contacted *Santander Bank, N.A.* on his *beloved* wife's behalf, as her husband, caregiver, and *power of attorney*.

6. Mr. Clark made repeated phone calls, and sent written emails, and letters to multiple *Santander Bank, N.A.* employees, up to the executive offices at *Santander Bank, N.A.* demanding that this *erroneous threatening foreclosure letter* be immediately withdraw for the reasons stated above.

7. *Santander Bank, N.A.* would not withdraw said *erroneous letter*, and could not give the Plaintiffs *any honest, legitimate, nor legal reason nor basis* for their refusal to withdraw said *erroneous threatening foreclosure letter*.

8. On November 22, 2019, *Santander Bank, N.A.* through their representatives at *Bendett & McHugh, P.C.* filed a *fraudulent, baseless, and meritless* foreclosure lawsuit in the *Superior Court of Hartford* against Plaintiff Gordon Clark and Lillian Clark.

9. Plaintiff Gordon Clark has participated in four (4) *court-appointed* remote mediation sessions with three (3) different attorneys from *Bendett & McHugh, P.C.*, who were all *unprepared, unprofessional, and unfamiliar* with *any of the material facts* of this case; and therefore, *unwilling, and unable* to discuss *any* of the said material facts. Two (2), Defendants Joseph Abraham, and Mark A. Piech, out of the three (3) attorneys spoke and acted *dishonestly* and in *bad faith* during and/or outside of said mediation sessions, despite their *Connecticut Attorney's Oath* and *Rules of Professional Conduct* to do otherwise.

10.       ***The Connecticut Attorney's Oath*** reads as follows:

*"You solemnly swear or solemnly and sincerely affirm, as the case may be, that you will do **nothing dishonest**, and will not knowingly allow **anything dishonest** to be done in court, and that you will inform the court of **any dishonesty** of which you have knowledge; that you will not knowingly maintain or assist in maintaining any cause of action that is **false** or unlawful; that you will not obstruct any cause of action for personal gain or malice; but that you will exercise the office of attorney, in any court in which you may practice, according to the best of your learning and judgment, faithfully, to both your client and the court; so help you God or **upon penalty of perjury**."*

**(General Statutes § 1-25 and annotations.)**

11. After Plaintiff Gordon Clark moved the *Superior Court of Hartford* to grant a 5th and *final mediation session* in a *last good faith effort* to resolve this matter *amicably*, which said court granted on November 29, 2021. *Bendett & McHugh, P.C.* unexpectantly moved the *Superior Court of Hartford* to terminate mediation on December 6, 2021, which said court *inexplicably* granted on the same day, December 6, 2021, *not only without any opportunity* for Plaintiff Gordon Clark to *object*, but also a *complete reversal* of said court's previous order on November 29, 2021, one week ago. All while, Defendant Jeffrey M. Knickerbocker (Mr. Knickerbocker) of *Bendett & McHugh, P.C.* was *claiming* to be open to negotiating a settlement via email with Plaintiff Gordon Clark, where Mr. Knickerbocker *repeatedly* asked Mr. Clark to forward Mr. Knickerbocker his *proposed settlement agreement*.

12. Mr. Clark forwarded his *proposed settlement agreement*, which *specifically*, referenced and delineated *every claim* in this Complaint to Mr. Knickerbocker on December 10, 2021, via email, as well as to nine (9) of the thirteen (13) Defendants named in this Complaint with a *strict deadline* of December 17, 2021, to respond.

13. Mr. Knickerbocker did not respond via email until December 27, 2021, seventeen (17) days after Mr. Clark forward said *proposed settlement agreement*, and ten (10) days *after* said deadline of December 17, 2021.  Mr. Knickerbocker's counteroffer was not only *untimely, unprofessional, disrespectful, disingenuous, incoherent, irrational, and lacking any good faith*, it could also not be taken *seriously*, and Mr. Clark was not sure if it was even worthy of a reply; nevertheless, Mr. Clark did reply.

14. Mr. Knickerbocker has *continuously* spoken and acted *immorally, unethically, illegally, unprofessionally, and dishonestly* throughout this entire ordeal, which *once again* is in *direct violation* of his *Connecticut Attorney's Oath*, and his *Rules of Professional Conduct*.

15. Mr. Clark replied via email to Mr. Knickerbocker's said counteroffer of December 27, 2021, on December 28, 2021, with a *strict deadline* of December 31, 2021, requesting that Mr. Knickerbocker's client, Defendant *Santander Bank, N.A.*, consider making their *last, best, and final good faith* counteroffer by December 31, 2021, or Mr. Clark will be forced by their *ongoing reprehensible and irresponsible behavior* to file a Complaint in federal court.  Mr. Knickerbocker responded *quickly and thoughtlessly* in 66 minutes this time, with a counteroffer that was a *complete insult* and *a slap in the face* to Mr. Clark's *beloved and precious* wife and himself, and Mr. Clark told Mr. Knickerbocker that and much more in his email reply to Mr. Knickerbocker and to nine (9) of the thirteen (13) Defendants named in this Complaint on December 29, 2021.

16. To date, Defendant *Santander Bank, N.A.* and their Defendant attorneys have refused to discuss a *single material fact* in this case with Mr. Clark.  Moreover, Defendant *Santander Bank, N.A.* and their Defendant attorneys also *know* that Mr. Clark claims are *all true* and is *telling the truth*; and therefore, Defendant *Santander Bank, N.A.* and their Defendant attorneys have *not disputed, nor contested, nor denied a single word*, *verbally nor in writing*, of what Mr. Clark has claimed, and Defendants cannot *honestly* do so.

17. After Mr. Clark sent his last said email on December 29, 2021.  Mr. Clark did not hear back from Mr. Knickerbocker by the *strict deadline* of December 31, 2021.

18. In the first week of the New Year 2022, *late in the afternoon* on Wednesday, January 5, 2022, Defendants from *Bendett & McHugh, P.C.* conspired to attempt to *dishonestly manipulate court procedures through legal trickery, skullduggery, and bad faith* to prevail in this matter by *fraudulently, baselessly, and meritlessly* filing a *Motion for Default for Failure to Plead* with the *Superior Court of Hartford* against the Plaintiffs. On what said Defendants' *thought* was the 30th day since the last court ruling and/or any pleadings were last filed by Mr. Clark.  Unfortunately, for said six (6) Defendants from *Bendett & McHugh, P.C.*, they are not only *dishonest and oath-breaking attorneys* who do not follow their own *Rules of Professional Conduct*, but they also *appear* to be

*illiterate, incompetent, and cannot count to 30*, since January 6, 2022, was the 30th day, ***not*** January 5, 2022, which was the 29th day.  Consequently, said Defendants *immoral, unethical, and illegal* said strategy and tactics failed, which was ***only*** *by His Grace.* **Halleluyah!**

19. Defendant *Santander Bank, N.A.* and eleven (11) of the other twelve (12) Defendants since on or around May 1, 2019, have been and are continuing to *attempt to extort* a *previously* living and *now deceased* elderly woman's *home equity* for *Santander Bank, N.A.'s **unjust*** financial gain, who, *once again*, had *never* missed a payment, and was *current* on her property taxes at the time; and with ***no legitimate, lawful, nor legal basis to threaten and/or file a foreclosure lawsuit.***

### COUNT TWO (2)
### ATTEMPTED THEFT OF PROPERTY
#### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see the above claim.

### COUNT THREE (3)
### CONTRIBUTORY NEGLIGENCE
#### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. *Santander Bank, N.A. **caused** the subsequent alleged default* by sending a threatening *erroneous foreclosure letter* on or around May 1, 2019, and by their *unwillingness and negligent incompetence* to rightfully withdraw said *erroneous foreclosure letter*, when *repeatedly* requested to do so in writing.

### COUNT FOUR (4)
### FILING OF FRAUDULENT, BASELESS, AND MERITLESS LAWSUIT
#### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have *no legitimate, lawful, nor legal* basis to have threatened and/or to have filed a foreclosure lawsuit against the Plaintiffs.

### COUNT FIVE (5)
### BANK FRAUD
#### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have failed to validate the *alleged* debt; and has continued to send monthly false and deceptive *Statements of Account* to the Plaintiffs, since on or around November 2015, via *USPS First Class Mail*.

3.  *Fraud vitiates all contracts.*


## COUNT SIX (6)
## FINANCIAL FRAUD
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have failed to validate the *alleged* debt; and has continued to send monthly false and deceptive *Statements of Account* to the Plaintiffs, since on or around November 2015, via *USPS First Class Mail*.

3.  *Fraud vitiates all contracts.*


## COUNT SEVEN (7)
## MORTGAGE FRAUD
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys are **knowingly** attempting to foreclose on a *defective/invalid alleged mortgage* that contains **no valid legal property description** and was **not in default** at the time.

3.  *Fraud vitiates all contracts.*


## COUNT EIGHT (8)
## MAIL FRAUD
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have failed to validate the *alleged* debt; and has continued to send monthly false and deceptive *Statements of Account* to the Plaintiffs, since on or around November 2015, via *USPS First Class Mail*.

3.  *Fraud vitiates all contracts.*

## COUNT NINE (9)
## FRAUD UPON THE COURT
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have **intentionally and knowingly** outright lied, told half-truths (*whole-lies*), and *purposely* made *dishonest* misrepresentations in the *Superior Court of Hartford*.

3. *Fraud vitiates all contracts.*

## COUNT TEN (10)
## AGE DISCRIMINATION
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Lillian J. Clark (Mrs. Clark) was 92 years old.

3. Lillian J. Clark had good credit, *fixed*, but enough income, a long history of *never* missing a payment with *Santander Bank, N.A.*, and a home that had between $70,000 and $100,000 of *additional* home equity, yet *Santander Bank, N.A. repeatedly denied* Mrs. Clark an additional $10,000 increase on her HELOC, and also *repeatedly denied* her a $10,000 personal loan.

4. The Plaintiffs believe that through discovery (*Requests for Admissions; Requests for Production; Interrogatories; Depositions; and Subpoenas*) that this claim will become even more apparent.

## COUNT ELEVEN (11)
## RACE DISCRIMINATION
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Plaintiff Gordon Clark is of Asian descent.

3. Although Mr. Clark was born and raised in Connecticut, is a *U.S. Navy veteran*, well-educated, speaks English, and is respectful and polite to others, *yet* Mr. Clark was and continues to be *repeatedly racially discriminated against* by Defendant *Santander Bank, N.A.* and its Defendant officers, as well as its Defendant attorneys, based on the following experiences:

    1. On or around November 2014 through October 2015, *every time* Mr. Clark walked into the local *Santander Bank, N.A.* bank branch located on

Enfield Street, which has recently closed, Mr. Clark received *abominable and non-existent so-called* customer service from the branch managers, when Mr. Clark *repeatedly attempted* to inform *Santander Bank, N.A.* that the Plaintiff's property was at risk of being foreclosed on by the *Town of Enfield* due to being in arrears on three (3) years of property taxes, when *Santander Bank, N.A. alleges* to hold a valid security interest in said property.

Mr. Clark was *repeatedly dismissed and repeatedly told* over *nearly* a period of one (1) year when Mr. Clark would *regularly* visit *Santander Bank, N.A.*, that *Santander Bank, N.A would never let that happen*, and Defendant *Santander Bank, N.A.* employees *repeatedly implied* that Mr. Clark was lying to them. Where Mr. Clark would *repeatedly* tell said *Santander Bank, N.A.* employees that *if you do not believe me*, then please call the *Enfield Tax Assessors Office*, and speak to Ms. Della Froment, which *Santander Bank, N.A.* employees chose to *never* do for *nearly* one (1) year.

Moreover, in an effort to get Mr. Clark to leave the bank branch, Defendant *Santander Bank, N.A.* employees would *repeatedly* tell Mr. Clark that they would have someone call him, but *no one ever called to follow up*. By the way, *many years ago*, Mr. Clark, began working when he was 9 years old with two (2) *Hartford Courant* newspaper routes in West Hartford, and at **9 years old** Mr. Clark would have *never* treated any of his customers with such *clear disdain and contempt*, and would have been *immediately fired* by the *Hartford Courant* if Mr. Clark had done so *even once*.

It was only until Mr. Clark walked into said Defendant *Santander Bank, N.A.'s* Enfield Street bank branch, *once again*, on or around October 2015, *only a few weeks* before the *6-month Connecticut Redemption Period* would expire, and Mr. Clark's *beloved* wife would be *forced* into a nursing home, that Mr. Clark met, *by His Grace **alone***, for the *first time*, the *only non-white African-American* bank manager who Mr. Clark believes was filling in just for the day for someone, and that she came from another bank branch. Mr. Clark explained his *desperate* circumstances, *once again*, to said *African-American* bank manager and she was also incredulous, but she *professionally and kindly* gave me the phone number of someone she said could help me if what I was saying were true.

Mr. Clark *immediately* went home and called said *Santander Bank, N.A.* employee, and she was also incredulous, but Mr. Clark, *once again*, told her to call Ms. Della Froment (Ms. Froment) at the *Town of Enfield Tax Assessor's Office*, if she did not believe Mr. Clark and/or to confirm that Mr. Clark was telling the truth. And to her credit, she was the ***first*** *Santander Bank, N.A.* employee who *actually* called Ms. Froment after *nearly* one (1) year of Mr. Clark *repeatedly begging* many other

11

*Santander Bank, N.A.* employees to do so in person and over the phone. Furthermore, this same *Santander Bank, N.A.* employee, said that she would call Ms. Froment and get back to Mr. Clark, and Mr. Clark told said *Santander Bank, N.A.* employee that he did not believe her, because no one from Defendant *Santander Bank, N.A.* has *ever* followed up nor called Mr. Clark back.

Yet, *the following day*, Mr. Clark *finally and surprisingly* received a phone call back from said *Santander Bank, N.A.* employee **repeatedly apologizing** for this **incomprehensible error**, and promised to resolve the matter with the *Town of Enfield Tax Assessor* within a few days, which she did, but the *catastrophic damages, and incalculable pain and suffering* had been done to my *beloved and precious* wife and me.

2. Mr. Clark has experienced similar and *clear disdain and contempt* from Defendant *Santander Bank, N.A.'s* representatives, and its Defendant attorneys. By said Defendants, *repeatedly* attending four (4) mediation sessions *completely unprepared, unfamiliar, uninterested, and unwilling* to discuss a *single material fact* in this case, which is also a violation of their *Connecticut Attorney's Oath* and *Rules of Professional Conduct*.

4. The Plaintiffs believe that through discovery (*Requests for Admissions; Requests for Production; Interrogatories; Depositions; and Subpoenas*) that this claim will become even more apparent.

## COUNT TWELVE (12)
## REDLINING
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Lillian J. Clark (Mrs. Clark) lived in a *working-class and blue-collar town* (Enfield, Connecticut), and in a *small 960-square foot* ranch home.

3. Lillian J. Clark had good credit, *fixed*, but enough income, a long history of *never* missing a payment with *Santander Bank, N.A.*, and a home that had between $70,000 and $100,000 of *additional* home equity, yet *Santander Bank, N.A. repeatedly denied* Mrs. Clark an additional $10,000 increase on her HELOC, and also *repeatedly denied* her a $10,000 personal loan.

4. The Plaintiffs believe that through discovery (*Requests for Admissions; Requests for Production; Interrogatories; Depositions; and Subpoenas*) that this claim will become even more apparent.

**COUNT THIRTEEN (13)**
**MULTIPLE BREACHES OF CONTRACT**
*(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.* failed to give proper *notice of default*.

3.  Defendant *Santander Bank, N.A.* failed to send a *legal breach letter*.

4.  Defendant *Santander Bank, N.A.* failed to give at least *30 days* to cure *alleged* default.

5.  Defendant *Santander Bank, N.A.* failed to make contractual *absolute obligation advances*.

6.  Defendant *Santander Bank, N.A.* failed to change payments to *interest only* upon request.

**COUNT FOURTEEN (14)**
**MULTIPLE BREACHES OF NOVATED (ORAL) CONTRACT**
*(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.* **reneged** on their *pay back when you can* agreements, which were *given twice* on or around October 2015 and on or around October 2018.

**COUNT FIFTEEN (15)**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
*(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have **intentionally and knowingly** outright lied, told half-truths (*whole-lies*), and *purposely* made *dishonest* misrepresentations in the *Superior Court of Hartford*.

**COUNT SIXTEEN (16)**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
*(This Count applies to all Defendants, except Wells Fargo & Company)*

1.  Please see *all* of the above claims.

2.  Defendant *Santander Bank, N.A.*, and its Defendant officers allowed harassing collection phone calls to continue even after *repeatedly* being asked in writing to *cease and desist*.

3. Defendant *Santander Bank, N.A.*, and its Defendant representative attorneys have and are continuing to use *immoral, unethical, and illegal* strategies and tactics against the Plaintiffs in their *reprehensible* attempt to prevail *at any cost*, regardless of the facts and law in this case.

## COUNT SEVENTEEN (17)
## GROSS, MALICIOUS, INTENTIONAL, NEGLIGENT, INCOMPETENT, REPREHENSIBLE, UNCONSCIONABLE, AND REPEATED INFLICTION OF PHYSICAL, MENTAL, AND EMOTIONAL DISTRESS, PAIN, AND SUFFERING
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Defendant *Santander Bank, N.A.*, and its Defendant officers, along with its Defendant representative attorneys have *grossly, maliciously, intentionally, negligently, incompetently, reprehensibly, unconscionably, and repeatedly inflicted **immense** physical, mental, and emotional distress, pain, and suffering* on the Plaintiffs that *negatively affected* Lillian Clark's *quality and length of life*; and also *negatively affected* Gordon Clark's *quality of life* with his *beloved and precious* wife of 27 years and may possibly shorten the length of Gordon Clark's life as well.

## COUNT EIGHTEEN (18)
## ABANDONMENT OF ALLEGED SECURITY
### *(This Count applies to all Defendants, except Wells Fargo & Company)*

1. Please see *all* of the above claims.

2. Defendant *Santander Bank, N.A.*, and its Defendant officers, have *abandoned any and all alleged claim to any security* for *at least* the following three (3) reasons:

    1. Failure of *Santander Bank, N.A.* to provide *homeowners insurance* for the past 9 years, since 2012, after being notified by *Amica Mutual Insurance Company* (Amica) of their *unjust cancellation* of the Plaintiffs' *homeowners insurance* after the filing of one (1) claim with Amica in *nearly* 20 years of paying insurance premiums to Amica, due to the *sudden, unavoidable, and no-fault explosion* of our *well-maintained* oil furnace;

    2. Despite multiple written and verbal notices, *Santander Bank, N.A.*, failed to show up to the *Town of Enfield* tax lien foreclosure sale where the house was sold in April 2015 to the *highest bidder*, which was not *Santander Bank, N.A.*, and the house was *redeemed* just a few weeks before the *6-month Connecticut Redemption Period* expired **only** because of Plaintiff Gordon Clark's *multiple* visits to the local *Santander Bank, N.A.* branch and *many* phone calls *repeatedly* notifying *Santander Bank, N.A.* of their *incomprehensible* negligence, incompetence, and *lack of customer service* (***Please note:*** that the *Town of Enfield Tax Assessor*, Ms. Della Froment, said

14

*at the time* that she had *never* seen such *gross incompetence* by a bank in her 20+ years); and

3. Failure to repair/replace a leaking 30+ year-old roof after *repeated* notifications, which has resulted in *avoidable and growing* mold issues.

## COUNT NINETEEN (19)
## FINANCIAL RETALIATION BY WELLS FARGO & COMPANY, AND ITS COO, SCOTT POWELL
*(This Count ONLY applies to Defendants, Wells Fargo & Company, and Scott Powell)*

1. Please see *all* of the above claims.

2. Defendant Scott Powell is the COO of *Wells Fargo & Company*, and was *also* the *former* CEO of *Santander Bank, N.A.* until on or around December 9, 2019.

3. Plaintiff Gordon Clark filed multiple complaints with banking regulators against Defendants on or around August 13, 2020.

4. Shortly after filing said complaints with banking regulators, on or around November/December 2020, Mr. Clark was *illegally denied* the opening of two (2) business checking accounts with *Wells Fargo & Company* in Bloomfield, Connecticut, and with *no legitimate, lawful, nor legal basis*, which has *never before* happened in Mr. Clark's entire lifetime.

5. After *repeatedly* being denied the opening of said business checking accounts over approximately a three (3) week period via multiple visits and emails with *Wells Fargo & Company's* Bloomfield bank branch, and with no justifiable and legal reason to do so, but *only lies and obfuscation*. On or around December 2020, Mr. Clark decided to visit *Chase Bank* in West Hartford, and had both of the two (2) business checking accounts *immediately* opened without any problems whatsoever.

6. The Plaintiffs believe that through discovery (*Requests for Admissions; Requests for Production; Interrogatories; Depositions; and Subpoenas*) that this claim will become even more apparent.

## COUNT TWENTY (20)
## UNJUST ENRICHMENT/ILL-GOTTEN GAINS BY BENDETT & MCHUGH, P.C., AND ITS NAMED OFFICERS AND EMPLOYEES
*(This Count ONLY applies to Defendants, Bendett & McHugh, P.C., and its five (5) named attorneys)*

1. Please see *all* of the above claims.

2. Defendant *Bendett & McHugh, P.C.,* and its Defendant attorneys are attempting to *unjustly enrich* themselves and obtain *ill-gotten gains* through questionable billing or

15

*double-billing* while the courts were closed as of March 18, 2020, due to COVID-19. More specifically, *Bendett & McHugh, P.C.,* and its Defendant attorneys posted at least two (2) *known* charges of $1,050.00 on April 20, 2020; and another posted charge of $525.00 on May 7, 2020, against the Plaintiffs.

3. Defendant Adam L. Bendett was *previously* a law partner of Michael Reiner (Mr. Reiner) of *Reiner, Reiner, and Bendett.*

4. Michael Reiner was the founder of the defunct law firm *Reiner, Reiner, and Bendett,* and Defendant Adam L. Bendett, *once again,* was Michael Reiner's *former law partner.*

5. *At one point,* Mr. Reiner had to defend himself and his law firm against some *very serious legal allegations,* concerning *alleged* illegal kickbacks and *double-billing* issues to his law firm, which led to an investigation into *Reiner, Reiner, and Bendett* by the Attorney General of Connecticut, *at the time,* Richard Blumenthal, who is now *U.S. Senator Richard Blumenthal of Connecticut.* This investigation, although it did not result in a recommendation from Mr. Blumenthal for criminal charges against Mr. Reiner, and his law firm, *Reiner, Reiner, and Bendett.* The investigation did result in a settlement of $700,000 in restitution that was paid by all the liable parties, and the professional discipline that resulted, and subsequent negative reputational effects on Mr. Reiner *appears* to have led to the downfall of *Reiner, Reiner, and Bendett's* law firm. But instead of choosing to **legally dissolve** *Reiner, Reiner, and Bendett,* it is Mr. Clark's *understanding* that *Reiner, Reiner, and Bendett* was **reorganized,** and **not legally dissolved,** into *Bendett & McHugh, P.C.*

6. The Plaintiffs believe that through discovery (*Requests for Admissions; Requests for Production; Interrogatories; Depositions; and Subpoenas*) that this claim will become even more apparent.

## COUNT TWENTY-ONE (21)
## FALSE ADVERTISING
### *(This Count ONLY applies to Defendants, Santander Bank, N.A., and its three (3) named officers)*

1. Please see *all* of the above claims.

2. Please see: https://www.santanderbank.com/personal/borrowing/mortgages/home-owners-assistance, and attached, **Exhibit B.**

3. The Plaintiffs *have not ever received anything close* to the kind of *customer service* that Defendant *Santander Bank, N.A.* and its Defendant officers *falsely advertise.*

### COUNT TWENTY-TWO (22)
### UNCONSCIONABILITY
### *(This Count applies to all Defendants)*

1.  Please see *all* of the above claims.


## REQUEST FOR RELIEF

Plaintiffs demand *compensatory damages* in the amount of $2,878,200, as of January 10, 2022.


## JURY DEMAND

Plaintiffs' demand a *jury trial* in this matter.


Thank you for your time, consideration and understanding of this *urgent and critically important* legal matter.

Blessings *always* to you and yours.  Please continue to stay healthy and be safe.


Dated and signed at Enfield, Connecticut, on January 10, 2022, by the Plaintiff, Gordon Clark, *in both his individual and executorship capacities*.


_____

Gordon Clark
(*Husband & Executor of the Estate of Lillian J. Clark*)
70 Elm Street
Enfield, CT 06082
860.833.3195

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that I am the Plaintiff in the above action, that I have read the above Complaint and that the information contained in this Complaint is true and correct, so help me *Heavenly Father and Creator of Heaven and Earth.*


Dated and signed at Enfield, Connecticut, on January 10, 2022, by the Plaintiff, Gordon Clark, *in both his individual and executorship capacities.*

*M. Clk*

Gordon Clark
(*Husband & Executor of the Estate of Lillian J. Clark*)
70 Elm Street
Enfield, CT 06082
860.833.3195
